UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| DANNY SEARLES, by his mother, and next friend Susan Searles, SUSAN SEARLES, and GLEN SEARLES, Plaintiff, | ) ) ) ) ) ) |
| v. | ) ) C.A. No. ) |
| DEBORAH STONE, PHYLLIS JEWETT, and GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT Defendant | ) ) ) ) ) ) |

11 815 MLW

RECEIPT #_____
AMOUNT $25ᵛ
SUMMONS ISSUED.N.JA
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY CLK. ____
DATE_____

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1441(a)

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

Petitioner, Groton-Dunstable Regional School District ("Defendant"), respectfully petitions

this Court for removal of the above-entitled action to the United States District Court for the District

of Massachusetts, Civil Section, from the Superior Court of the Commonwealth of Massachusetts

in and for Middlesex County, and for its Notice of Removal state as follows:

1. The defendant, Groton-Dunstable Regional School District is one of three named

   defendants by the plaintiffs, Danny Searles, Susan Searles and Glenn Searles

   ("plaintiffs") , in a civil action filed in the Superior Court of the Commonwealth of

   Massachusetts in and for Middlesex County, entitled Danny Searles, by his mother

   and next friend Susan Searles et al. v. Deborah Stone et al., Civil Action No. 05-

   1845. On August 17, 2005, the defendant, Groton-Dunstable Regional School

   District, was served in-hand with a Summons and a copy of plaintiff's Complaint.

The defendant, Groton-Dunstable Regional School District has not yet answered the original Complaint, nor has an appearance been filed on Defendant's behalf.

2.    This is a suit of a wholly civil nature brought in a Massachusetts state court. The action is pending in Middlesex County, Massachusetts, and, accordingly, under 28 U.S.C. §§101 & 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

3.    This is an action in which the plaintiffs allege, among other things, that the defendants, violated plaintiffs' due process and Fourth Amendment rights and, accordingly, should be held liable under 42 U.S.C. § 1983.

4.    Because this case involves federal constitutional issues and claims for relief under federal law, the District Court has original jurisdiction pursuant to 28 U.S.C. §1331.

5.    The defendant is filing this Notice within thirty days of service of the Summons and original Complaint upon the defendant, Groton-Dunstable Regional School District, within thirty days of the date this case became removable, and within the time for filing this petition. See 28 U.S.C. §1446. See Copy of Complaint and Summons attached hereto as Exhibit A.

6.    All defendants in this action have consented to removal.

7.    The defendant will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Middlesex.

-2-

8.    Pursuant to Local Rule 81.1(a), the petitioner shall request of the Clerk of the

Superior Court of Massachusetts, County of Middlesex, certified or attested

copies of all records and proceedings in the state court and certified or attested

copies of all docket entries therein, and shall file the same with this Court within

thirty days after the filing of this Notice of Removal.

WHEREFORE, petitioner, Groton-Dunstable Regional School District, prays that the

above action now pending in the Superior Court of the Commonwealth of Massachusetts in and

for Middlesex County be removed from that Court to this United States District Court.

> Respectfully submitted,
>
> The Defendant,
> Groton-Dunstable Regional School District,
> By its attorneys,
>
> **PIERCE, DAVIS & PERRITANO, LLP**
>
> David C. Hunter, BBO #647686
> John J. Davis, BBO # 115890
> Ten Winthrop Square
> Boston, MA 02110
> (617) 350-0950

Date:    September 6, 2005

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the
above document was served upon each attorney of
record, or pro se litigant, by mail/by hand.

-3-

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX ................. , ss

[seal]

No.

**05-1845**

DANNY SEARLES, et als. .................., Plaintiff(s)

v.

DEBORAH STONE, et als. .............., Defendant(s)
PHYLLIS JEWETT and
GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT

## SUMMONS

To the above-named Defendant: GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT

You are hereby summoned and required to serve upon .... Jeffrey N. Roy ...........................

.................................., plaintiff's attorney, whose address is Ravech .&. Roy., . P., C., ......
One Exeter Plaza, Boston, MA    02116
..................................................................., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at ... Lowell .....................

.................................................................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.
Barbara J. Rouse
Witness, ~~Suzanne V. DelVecchio~~, Esquire, at ..... Lowell .................................................................

the ... 31st ........................................... day of ... August .................................................

...................., in the year of our Lord 2005 ................................. .

Edward J Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or
your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
C.A. NO. **05-1845**

DANNY SEARLES, by his mother )
and next friend Susan Searles, )
SUSAN SEARLES, and )
GLENN SEARLES, )
            Plaintiffs, )
)
vs. )
)
DEBORAH STONE, )
PHYLLIS JEWETT, and )
GROTON-DUNSTABLE REGIONAL )
SCHOOL DISTRICT, )
            Defendants. )

> FILED
> IN THE OFFICE OF THE
> CLERK OF THE COURTS
> FOR THE COUNTY OF MIDDLESEX
> MAY 3 1 2005
> _Edward J._ ...
> CLERK

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *The Parties*

1. Plaintiff Danny Searles is a natural person residing in Groton, Middlesex County,

Massachusetts. As he is a minor, this action is brought in his behalf by his mother and next

friend Susan Searles.

2. Plaintiff Susan Searles is a natural person residing in Groton, Middlesex County,

Massachusetts.

3. Plaintiff Glen Searles is a natural person residing in Groton, Middlesex County,

Massachusetts.

4. Defendant Deborah Stone is a natural person residing at 6013 Broad Street, Hollis,

New Hampshire 03049.

5. Plaintiffs' causes of action against defendant Stone arise from defendant's:

2

a.   transacting business in the Commonwealth of Massachusetts;

b.   contracting to supply services or things in the Commonwealth of Massachusetts;

c.   causing tortious injury by an act or omission in the Commonwealth of Massachusetts;

d.   causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts; or

e.   having an interest in, using or possessing real property in the Commonwealth of Massachusetts.

6.   Defendant Groton-Dunstable Regional School District is a regional school district formed pursuant to Mass. G.L. c. 71 §§ 14-16 (hereinafter referred to as the "District"). The District has its principal place of business at the Tarbell School. P.O. Box 729. 73 Pepperell Road. West Groton. Middlesex County. Massachusetts.

7.   Defendant Phyllis Jewett is a natural person residing at 130 Main Street. Townsend. Middlesex County. Massachusetts. 01469.

*Factual Allegations Common to All Counts*

8.   On August 21. 2003. Danny Searles. a developmentally-disabled eleven-year old boy failed to show up for school. Instead of dropping Danny off at school. his bus driver. the Defendant Deborah Stone. left Danny restrained in a sweltering school bus for over six hours.

3

9. Danny is a profoundly developmentally-disabled eleven year old boy with limited cognitive abilities. In addition to brain damage, which he was born with, Danny suffers from epilepsy. He is immobile and must be transported in a wheelchair. Danny is incapable of communicating or caring for himself.

10. On August 11, 2003, Danny began attending a school at Children's Extended Care Center in Groton, a facility affiliated with Children's Hospital in Boston.

11. Until the time of the incident, Danny was provided with transportation to and from Children's Extended Care Center by the Groton-Dunstable Regional School District.

12. In particular, every school day, a bus driver employed by the District would arrive at Danny's house in the morning. The driver would then load Danny into a District-owned van equipped with a wheelchair ramp, and secure him with seatbelts and/or strapping. After loading Danny, the driver would deliver Danny to Children's Extended Care Center.

13. The distance from Danny's home to Children's Extended Care Center is approximately three miles.

14. Because the route is generally free from traffic, the travel time from Danny's home to Children's Extended Care Center is ten minutes or less.

15. Following the completion of a school day, the driver would deliver Danny back to his home.

16. Defendant Stone had been employed as a special education bus driver by the District since February 2003.

4

17. Beginning on or around August 19, 2003, Danny's normal driver, Holly Muggleston, was on vacation. Defendant Stone was the substitute driver for Danny during the week of the incident.

18. During the week of the 19th and, in particular, on the 21st, Danny was the only child transported in the van operated by Stone.

19. Prior to August 19, 2003, Stone had never driven Danny's route and had never driven a wheelchair equipped special education van.

20. Stone received no special training or instruction from District officials before taking over Ms. Muggleston's route and van. Instead, Ms. Muggleston informally showed Stone how to operate the wheelchair van and allowed Stone to accompany her on the route in the week before her vacation.

21. Stone kept the non-wheelchair special education van she normally drove parked at her home. Accordingly, during the week of the 19th, she drove that van to the Roach School's parking lot, located off Main Street in Groton, where the wheelchair van was kept. She parked her usual van in the parking lot and drove the wheelchair van on Ms. Muggleston's route.

22. After delivering Danny (prior to the 21st) to Children's Extended Care Center, she would return the wheelchair van to the parking lot, retrieve her normal special education van, and then drive back to her home in Hollis, NH, where she would do farm work until it was time to pick up Danny from school.

23. In the afternoon, she would repeat the process of exchanging vans, delivering Danny, and exchanging vans again.

5

24. At approximately 9:00 am on the 21st, Stone arrived at the Plaintiffs' home to pick up Danny.

25. Stone loaded Danny into the wheelchair van and secured him in the back corner on the driver's side. There are no visual obstructions between the driver's seat and where Danny was located.

26. Stone never delivered Danny to his school at Children's Extended Care. Instead, she drove to the Roach School parking lot complex and parked the wheelchair van (leaving Danny inside), picked up her usual van, and drove to the Main Street Café in Groton, where she met her supervisor Phyllis Jewett for coffee.

27. Before leaving the wheelchair van in the Roach School lot, Stone did not check the van to ensure she had delivered Danny to his school.

28. After approximately thirty minutes at the Café, Stone drove back to Hollis.

29. Meanwhile, Danny was trapped inside the wheelchair van in the parking lot of the school complex unable to move, free himself, or call out for help.

30. The van was parked in a space behind which is a small tree. The tree, however, provides no shade.

31. The day was hot and humid with temperatures at or above ninety degrees.

32. As Danny remained trapped in the van, unable to help himself, his internal temperature began to rise to dangerously high levels.

33. After approximately six hours, Stone returned to the Roach lot and retrieved the wheelchair van, apparently unaware that she had left Danny in the van all day,

6

34. She proceeded to Children's Extended Care Center, apparently believing she had dropped Danny off in the morning.

35. During the one mile journey from the Roach lot to Children's Extended Care Center, Stone did not see Danny in the rear corner of the van, where she had restrained him earlier in the day.

36. Upon arriving at Danny's school at approximately 3:15pm, Stone was confronted by Danny's teacher, Cathy Mencer. Ms. Mencer asked why Danny had not come to school that day. Stone stated she had dropped him off. When Ms. Mencer insisted that this had not occurred, Stone was confused and said "What have I done?" and drove back toward the Roach school lot.

37. After a short distance. Stone saw Danny's head lolling just above the seats. She backed up to Children's Extended Care Center and told Ms. Mencer that Danny had been left in the van all day.

38. Mencer and other staff at the Center, including the school nurse. took Danny out of the van and began to administer first aid and attempted to bring his temperature down.

39. Danny's temperature reached at least 104.4°F, and he had limp arms. a limp neck, pale white skin with pink blotches on his arms. and saliva coming from his mouth. Danny was unresponsive and lethargic. In addition. Danny had bruising on his neck from chafing against the wheelchair restraints in the school van.

40. An ambulance came and rushed Danny to Nashoba Valley Hospital.

41. At around the same time. Danny's parents were contacted by staff from Children's Extended Care and informed of the incident.

42. They arrived at the hospital at 3:30pm shortly after Danny arrived by ambulance.

7

43. When she saw Danny and his condition, Mrs. Searles became hysterical and had to be taken to another room.

44. Based upon their visual observations of Danny, and the information they had received, both Mr. and Mrs. Searles expected that their child would die from the severe heat exposure.

45. That expectation coupled with Danny's physical appearance and obvious suffering caused both parents extreme emotional distress and anguish.

46. The staff at Nashoba Valley succeeded in bringing Danny's temperature down.

47. Testing at Nashoba Valley revealed that Danny had elevated levels of creatine kinase indicating brain injury.

48. Danny was transported to North Shore Children's Hospital for closer supervision and treatment.

49. Danny was hospitalized for several days due to the incident.

50. The Middlesex District Attorney charged Defendant Stone with criminal child endangerment.

51. On February 12. 2004, Stone pleaded guilty and was sentenced to two year's probation and is barred from driving a school bus for life.

52. Prior to the incident. the District had promulgated "SPED Van Driver Training". That training includes familiarizing new drivers with locations of schools in the district and teaching the driver the route with either the current driver or the transportation manager as the instructor.

53. The training policy indicates that "at least three days of live training is required."

8

54. The SPED Van Driver Training also instructs drivers on maintenance of a daily
vehicle inspection log and daily cleaning of the vehicle.

55. The district also established "Special Education Transportation Operating
Procedures." Those procedures required, among other things, a daily safety check of the vehicle
prior to operation, completion of a vehicle log, and "at the conclusion of each run (AM & PM)
check[ing] the vehicle for personal items, cleanliness, and safety hazards."

56. Though the District has established the procedures, high-ranking officials of the
District have indicated that policies with regard to checking the school bus after a morning
drop-off were not regularly followed.

57. Neither policy by its terms requires the driver to check to make sure all students have
been dropped off as scheduled and that no students remained on the bus. Neither policy requires
drivers to speak with local school officials when dropping students off.

58. Pursuant to the Massachusetts Tort Claims Act. Plaintiffs are required to make
presentment of their claims to the Defendant District.

59. On November 14, 2003. Plaintiffs made presentment by mailing a letter outlining the
claims made in this complaint to Jeanne Niemoller, President of the Groton Dunstable Regional
School Board as well as the other members of the Groton Dunstable Regional School Board. A
copy of the letter was sent to the Superintendent of the School District. Dr. Mary Athey Jennings.
as well as the Selectmen of Groton and Dunstable.

60. The Massachusetts Tort Claims Act requires the presentment letter be sent to the
appropriate executive official of the governmental entity. Niemoller and the other members of
the Groton Dunstable Regional School Board are executive officers of the Defendant District.

9

61. Pursuant to the terms of Mass. G. L. c. 258, § 4, the Defendant District had six months in which to respond to Plaintiffs' presentment after which time Plaintiffs are allowed to bring suit.

62. Defendant District has not contacted Plaintiffs since receiving the presentment letter.

63. Plaintiffs have made proper presentment and satisfied all the prerequisites for bringing claims under the Massachusetts Tort Claims Act.

## COUNT 1 - NEGLIGENCE AGAINST DEBORAH STONE

64. The foregoing paragraphs are incorporated into this count by reference.

65. Stone had a duty of delivering Danny safely to school each day.

66. Stone breached that duty by failing to deliver him to his school and by leaving Danny trapped in a sweltering school bus for hours.

67. By reason of the foregoing negligent acts or omissions, plaintiff Danny Searles suffered and will continue to suffer great pain of both body and mind. He has undergone and will continue to undergo medical and hospital care and treatment. His ability to enjoy life and to engage in his usual activities have all been permanently and adversely affected.

## COUNT 2 - NEGLIGENCE AGAINST THE DISTRICT AND JEWETT

68. The foregoing paragraphs are incorporated into this count by reference.

69. The District and Defendant Jewett had a duty to provide Danny with safe transport to school each day.

70. The District and Jewett breached their duties by failing to adequately train or supervise Stone.

10

71. In addition, the District's failure to promulgate policies requiring two daily checks of
the van for remaining pupils and to speak with receiving teachers and/or failing to require
adherence to such policies is a breach of its duty to Danny and other pupils.

72. Moreover, the District's policy, allowing school bus drivers to exchange vans before
and after drop-offs, created a foreseeable danger that drivers would forget to drop off disabled
children and thus was a breach of the District's duty to Danny and other pupils.

73. By reason of the foregoing negligent acts or omissions, plaintiff Danny Searles
suffered and will continue to suffer great pain of both body and mind. He has undergone and
will continue to undergo medical and hospital care and treatment. His ability to enjoy life and to
engage in his usual activities have all been permanently and adversely affected.

## COUNT 3 - RESPONDEAT SUPERIOR AGAINST THE DISTRICT

74. The foregoing paragraphs are incorporated into this count by reference.

75. The District, as the employer of Stone, is vicariously liable for her acts and
omissions, occurring during the course and scope of her duties as a driver.

76. Accordingly, the District is vicariously liable for Stone's negligent and intentional
acts in leaving Danny in the bus for hours, and for the resulting damages.

## COUNT 4 - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AGAINST THE DISTRICT AND DEBORAH STONE

77. The foregoing paragraphs are incorporated into this count by reference.

78. Both Mr. and Mrs. Searles viewed Danny immediately in the hospital following his
transport there.

11

79. Upon seeing Danny's poor condition and learning of the incident, both of his parents suffered extreme mental anguish and distress. Both feared their son would die.

80. The emotional distress suffered by each has manifested itself in a variety of ways including hysterical screaming and nightmares.

81. The distress suffered by Mr. and Mrs. Searles was proximately caused by Stone's, Jewett's, and the District's negligence.

## COUNT 5 - FALSE IMPRISONMENT AGAINST DEBORAH STONE

82. The foregoing paragraphs are incorporated into this count by reference.

83. Stone intentionally bound Danny to his wheelchair after loading him into the van on August 21, 2003.

84. Danny was prevented from moving or releasing himself.

85. Danny's detention became excessive in scope and duration and thus became unlawful, when he was not delivered to school and instead left in the bus all day.

86. Danny and his parents suffered extreme physical and emotional pain as a proximate result of the unlawful detention.

## COUNT 6 - VIOLATION OF 42 U.S.C. § 1983 BY DEBORAH STONE

87. The foregoing paragraphs are incorporated into this count by reference.

88. Stone, an employee of the District acted under color of state law when she failed to deliver Danny to school.

89. Because Danny was her charge and manifestly unable to care for himself, Stone's failure to take precautions against his endangerment constitutes deliberate indifference to his

12

safety in violation of the rights guaranteed him by the Due Process Clause of the Fourteenth
Amendment of the United States Constitution.

90. In addition, Stone's actions in strapping Danny into his place in the van constitute a
seizure within the meaning of the Fourth Amendment to the United States Constitution.

91. That seizure was unreasonable both in its duration and the conditions endured by
Danny.

92. Stone thus violated Danny's Fourth Amendment rights.

93. Stone, acting under color of state law, is liable under 42 U.S.C. §1983 for violating
Danny's Fourteenth and Fourth Amendment rights.

## COUNT 7 - MUNICIPAL AND SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983

94. The foregoing paragraphs are incorporated into this count by reference.

95. At the time of the incident, the law was clearly established, and the District and
Jewett knew or should have known, that leaving a pupil in a sweltering bus for hours violated the
pupil's Due Process and Fourth Amendment rights.

96. The District and Jewett acted with deliberate indifference to the rights of their pupils
by failing to train Stone more effectively on her new route, by failing to promulgate policies and
procedures for replacement drivers, by failing to promulgate policies regarding checking the van
for pupils left on the vans, by failing to promulgate policies and requiring drivers to speak with
teachers receiving disabled children, by failing to prohibit special education drivers from
exchanging vans before and after driving their routes, and by failing to require adherence to
existing policies.

13

97. It would be manifest to any reasonable official that failing to require such training, and failing to have such policies and protections in place would very likely result in a profoundly disabled student like Danny being left on a bus.

98. The District's and Jewett's omissions are affirmatively linked to Plaintiffs' injuries. The District promulgated a policy requiring two daily checks of a school bus, but by the acknowledgement of senior District officials, it did not observe such a policy. That laxity, reinforced in the informal and inadequate training given to drivers entrusted with the most vulnerable children, is a tacit approval and purposeful disregard of the possibility that disabled pupils will be trapped in buses.

### COUNT 8 - VIOLATION OF MASS. G.L. C. 12 §§ 11H, 11I BY STONE AND THE DISTRICT

99. The foregoing paragraphs are incorporated into this count by reference.

100. As alleged, Stone violated Danny's civil rights by seizing him and leaving him in the school bus all day long.

101. The District's and Jewett's failure to train Stone and have effective policies in place also caused Plaintiffs' injuries.

102. These actions and omissions by Stone. the District. and Jewett constitute violations of the Massachusetts Civil Rights Act.

WHEREFORE. Plaintiffs respectfully request that the Court:

a.      Award Plaintiffs damages incurred as a result of the wrongful actions and conduct of Defendants:

14

b.    Award attorneys fees pursuant to 42 U.S.C. § 1988 and Mass. G.L. c. 12, § 11I.

c.    Award such other and further relief as the Court deems just and proper.

## JURY CLAIM

PLAINTIFFS CLAIM TRIAL BE JURY ON ALL COUNTS.


                          Plaintiff,
                          By her attorneys,



                          Jeffrey A. Roy
                          RAVECH & ROY, P.C.
                          One Exeter Plaza
                          Boston, MA 02116
                          (617) 303-0500
                          BBO #548618


DATED: May 31, 2005

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-1845 | Trial Court of Massachusetts Superior Court Department County: MIDDLESEX |
|---|---|---|

| PLAINTIFF(S) DANNY SEARLES, et als. | DEFENDANT(S) DEBORAH STONE, et als. |
|---|---|

| ATTORNEY FIRM NAME ADDRESS AND TELEPHONE Jeffrey N. Roy, Ravech & Roy, P.C. One Exeter Plaza, Boston, MA 02116 Board of Bar Overseers number: 548618 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X) to be determined

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03 | Action against municipality | (A ) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; Indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.    Total hospital expenses ........................................ $ 5,677.00
2.    Total Doctor expenses ........................................ $
3.    Total chiropractic expenses .................................. $
4.    Total physical therapy expenses .............................. $ 0.00
5.    Total other expenses (describe) .............................. $ 0.00
                                                        Subtotal $ 5,677.50

*IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX    MAY 31 2005    Edward J Sullivan    CLERK*

B.  Documented lost wages and compensation to date ................... $
C.  Documented property damages to date .............................. $
D.  Reasonably anticipated future medical and hospital expenses ....... $
E.  Reasonably anticipated lost wages ................................ $
F.  Other documented items of damages (describe)
                                                        $
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
On August 21, 2003, plaintiff, a profoundly disabled 11 year old boy was left in a sweltering bus for eight hours, during which time he suffered hypothermia and elevated levels of creatine kinase indicating brain injury.
                                                        $
                                                        TOTAL $ 5,677.50

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                        TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5/31/2005

AOTC-6 mtc005-11/99
A O S C 1-2000

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

CIVIL DOCKET# **MICV2005-01845-L**

RE: **Searles (ppa) et al v Stone et al**

TO: Jeffrey N Roy, **Esquire**
    Ravech & Roy
    699 Boylston Street
    1 Exeter Plaza
    Boston, MA 02116

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 08/29/2005 |
| Response to the complaint filed (also see MRCP 12) | 10/28/2005 |
| All motions under MRCP 12, 19, and 20 filed | 10/28/2005 |
| All motions under MRCP 15 filed | 08/24/2006 |
| All discovery requests and depositions completed | 07/20/2007 |
| All motions under MRCP 56 served and heard | 09/18/2007 |
| Final pre-trial conference held and firm trial date set | 01/16/2008 |
| Case disposed | 05/30/2008 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session L sitting **in Cv CrtRm (Lowell), Middlesex Superior Court.**

Dated: 06/01/2005

Location: Cv CrtRm (Lowell)
Telephone: 978-453-0201

Edward J. Sullivan
Clerk of the Courts
BY: Michael Brennan
Assistant Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)     Danny Searles et al., v. Deborah Stone et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

___     I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_X_     II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

___     III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

___     IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

___     V.      150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

     N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                            YES ☐       NO **X**

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                            YES ☐       NO **X**

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                            YES ☐       NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                            YES ☐       NO **X**

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                            YES ☐       NO **X**

        A.     If yes, in which division do all of the non-governmental parties reside?

               Eastern Division ☐          Central Division ☐          Western Division ☐

        B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
               agencies, residing in Massachusetts reside?

               Eastern Division **X**      Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                            YES ☐       NO **X**

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____ David C. Hunter, BBO #647686

ADDRESS _____ Pierce, Davis & Perritano, llp, Ten Winthrop Square, Boston, MA 02110

TELEPHONE NO. _____ (617) 350-0950

(USDC Category Form for Filing with Notice of Removal.wpd  - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS Danny Searles, Susan Searles, & Glenn Searles | DEFENDANTS Deborah Stone, Phyllis Jewett & Groton-Dunstable Regional School District |
|---|---|
| (b) County of Residence of First Listed Plaintiff **Niddlesex** (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Jeffrey Roy, Ravech & Roy, P.C., One Exeter Plaza, Boston, MA 02116 | Attorneys (If Known) David C. Hunter & John J. Davis; Pierce, Davis & Perritano, LLP Ten Winthrop Sq., Boston, MA 02110 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| | **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| **CIVIL RIGHTS** ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities - Other ☒ 440 Other Civil Rights | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **Habeas Corpus:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Alleged violation of plaintiff's due process & 4th Amendment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint: rights

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____    DOCKET NUMBER _____

| DATE 9/6/05 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____