UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| DANNY SEARLES, by his mother, and next friend Susan Searles, SUSAN SEARLES, and GLEN SEARLES,<br>Plaintiff,<br><br>v.<br><br>DEBORAH STONE, PHYLLIS JEWETT, and GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT<br>Defendant | C.A. No. 05-11815 MLW |

## ANSWER OF DEFENDANTS, DEBORAH STONE, PHYLLIS JEWETT AND GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT, AND JURY DEMAND

### FIRST DEFENSE

The plaintiffs' Complaint fails to state a claim against the defendants upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs' Complaint fails to state a claim against the defendants upon which relief can be granted in that the defendants have no obligation to pay the plaintiffs any amount of the loss or damages alleged.

### THIRD DEFENSE

The defendants, Deborah Stone, Phyllis Jewett and Groton-Dunstable Regional School District, respond to the allegations contained in the plaintiffs' Complaint, paragraph by paragraph, as follows:

### The Parties

1. The defendants admit the allegations contained in Paragraph 1.

2. The defendants admit the allegations contained in Paragraph 2.

3. The defendants admit the allegations contained in Paragraph 3.

4. The defendants admit that Deborah Stone is a natural person. The defendants deny the remainder of the allegations contained in Paragraph 4.

5. The defendants neither admit nor deny the allegations contained in Paragraph 5, sub-parts (a) through (e), as they are mere conclusions of law to which no response is required. In the event a response is required, the defendants admit that this Court has personal jurisdiction over Deborah Stone, but deny all other allegations contained in Paragraph 5, sub-parts (a) through (e).

6. The defendants admit the allegations contained in Paragraph 6.

7. The defendants admit the allegations contained in Paragraph 7.

**Factual Allegations Common to All Counts**

8. The defendants admit the allegations contained in the first sentence of Paragraph 8. The defendants do not admit the characterizations set forth in the second sentence of Paragraph 8 and, therefore, deny said allegations.

9. The defendants admit the allegations contained in Paragraph 9.

10. The defendants admit the allegations contained in Paragraph 10.

11. The defendants admit the allegations contained in Paragraph 11.

12. The defendants admit the allegations contained in Paragraph 12.

13. The defendants admit the allegations contained in Paragraph 13.

14. The defendants admit that the travel time from Danny Searles' home to Children's Extended Care Center is ordinarily ten minutes or less.

15. The defendants admit that the Groton-Dunstable Regional School District provided transportation for Danny Searles from the Children's Extended Care Center to his residence.

16. The defendants admit the allegations contained in Paragraph 16.

17. The defendants admit the allegations contained in Paragraph 17.

18. The defendants admit the allegations contained in Paragraph 18.

19. The defendants admit the allegations contained in Paragraph 19.

20. The defendants deny the allegations contained in Paragraph 20.

21. The defendants admit the allegations contained in Paragraph 21.

22. The defendants admit the allegations contained in Paragraph 22.

23. The defendants admit the allegations contained in Paragraph 23.

24. The defendants admit the allegations contained in Paragraph 24.

25. The defendants deny the allegations contained in Paragraph 25.

26. The defendants admit the allegations contained in Paragraph 26.

27. The defendants admit the allegations contained in Paragraph 27.

28. The defendants deny the allegations contained in Paragraph 28.

29. The defendants admit that Danny Searles remained in the wheelchair van at the Roach School parking lot. The defendants deny the remainder of the allegations contained in Paragraph 29.

30. The defendants deny the allegations contained in Paragraph 30.

31. The defendants admit the allegations contained in Paragraph 31.

32. The defendants do not admit the characterizations set forth in Paragraph 32 and, therefore, deny said allegations.

33. The defendants admit the allegations contained in Paragraph 33.

34. The defendants admit the allegations contained in Paragraph 34.

35. The defendants admit the allegations contained in Paragraph 35.

36. The defendants admit that Deborah Stone arrived at the Children's Extended Care Center at approximately 3:15 p.m. The defendants further admit that Cathy Mencer questioned Ms. Stone regarding Danny Searles' whereabouts. The defendants further admit that Ms. Stone returned to the wheelchair van. The defendants deny the remainder of the allegations contained in Paragraph 36.

37. The defendants admit that Deborah Stone observed Danny Searles in the rear section of the passenger van subsequent to her conversation with Cathy Mencer. The defendants deny the remainder of the allegations contained in Paragraph 37.

38. The defendants admit the allegations contained in Paragraph 38.

39. The defendants neither admit nor deny the allegations contained in Paragraph 39, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

40. The defendants admit the allegations contained in Paragraph 40.

41. The defendants admit the allegations contained in Paragraph 41.

42. The defendants neither admit nor deny the allegations contained in Paragraph 42, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

43. The defendants neither admit nor deny the allegations contained in Paragraph 43, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

44. The defendants neither admit nor deny the allegations contained in Paragraph 44, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

45. The defendants deny the allegations contained in Paragraph 45.

46. The defendants neither admit nor deny the allegations contained in Paragraph 46, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

47. The defendants neither admit nor deny the allegations contained in Paragraph 47, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

48. The defendants neither admit nor deny the allegations contained in Paragraph 48, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

49. The defendants neither admit nor deny the allegations contained in Paragraph 49, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

50. The defendants admit the allegations contained in Paragraph 50.

51. The defendants deny the allegations contained in Paragraph 51.

52. The defendants deny that "SPED Van Driver Training" was "promulgated" by the School District. The defendants neither admit nor deny the contents of the "SPED Van Driver Training" as it is a written document which speaks for itself.

53. The defendants neither admit nor deny the contents of the "SPED Van Driver Training" as it is a written document which speaks for itself.

54. The defendants neither admit nor deny the contents of the "SPED Van Driver Training" as it is a written document which speaks for itself.

55. The defendants deny that the School District "established" the "Special Education Transportation Operating Procedures." The defendants neither admit nor deny the contents of said "Procedures" as they are contained in a written document which speaks for itself.

56. The defendants deny the allegations contained in Paragraph 56.

57. The defendants neither admit nor deny the allegations contained in Paragraph 57, as the plaintiffs reference therein written documents which speak for themselves.

58. The defendants admit that the School District is a public employer within the meaning of M.G.L. c. 258, § 1. The defendants neither admit nor deny the remainder of the statements contained in Paragraph 58 as they are mere conclusions of law to which no response is required.

59. The defendants deny the allegations contained in Paragraph 59.

60. The defendants neither admit nor deny the allegations contained in Paragraph 60 as they are mere conclusions of law to which no response is required.

61. The defendants neither admit nor deny the statements contained in Paragraph 61 as they are mere conclusions of law to which no response is required.

62. The defendants deny that plaintiffs sent the School District a proper presentment letter and, accordingly, deny the allegations contained in Paragraph 62.

63. The defendants deny the allegations contained in Paragraph 63.

### Count I - Negligence Against Deborah Stone

64. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 63 above.

65. The defendants deny the allegations contained in Paragraph 65.

66. The defendants deny the allegations contained in Paragraph 66.

67. The defendants deny the allegations contained in Paragraph 67.

### Count II - Negligence Against the District and Jewett

68. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 67 above.

69. The defendants deny the allegations contained in Paragraph 69.

70. The defendants deny the allegations contained in Paragraph 70.

71. The defendants deny the allegations contained in Paragraph 71.

72. The defendants deny the allegations contained in Paragraph 72.

73. The defendants deny the allegations contained in Paragraph 73.

### Count III - Respondeat Superior Against the District

74. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 73 above.

75. The defendants deny the allegations contained in Paragraph 75.

76. The defendants deny the allegations contained in Paragraph 76.

### Count IV - Negligent Infliction of Emotional Distress Against the District and Deborah Stone

77. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 76 above.

78. The defendants neither admit nor deny the allegations contained in Paragraph 78, because they have no actual knowledge of same and, therefore, call upon the plaintiffs

to prove same.

79. The defendants deny the allegations contained in Paragraph 79.

80. The defendants deny the allegations contained in Paragraph 80.

81. The defendants deny the allegations contained in Paragraph 81.

### Count V - False Imprisonment Against Deborah Stone

82. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 81 above.

83. The defendants deny the allegations contained in Paragraph 83.

84. The defendants deny the allegations contained in Paragraph 84.

85. The defendants deny the allegations contained in Paragraph 85.

86. The defendants deny the allegations contained in Paragraph 86.

### Count VI - Violation of 42 U.S.C. § 1983 by Deborah Stone

87. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 86 above.

88. The defendants deny the allegations contained in Paragraph 88.

89. The defendants deny the allegations contained in Paragraph 89.

90. The defendants deny the allegations contained in Paragraph 90.

91. The defendants deny the allegations contained in Paragraph 91.

92. The defendants deny the allegations contained in Paragraph 92.

93. The defendants deny the allegations contained in Paragraph 93.

### Count VII - Municipal and Supervisory Liability Under 42 U.S.C. § 1983

94. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 93 above.

95. The defendants deny the allegations contained in Paragraph 95.

96. The defendants deny the allegations contained in Paragraph 96.

97. The defendants deny the allegations contained in Paragraph 97.

98. The defendants deny the allegations contained in Paragraph 98.

**Count VIII - Violation of Mass. G.L. c. 12, §§ 11H, 11I by Stone and the District**

99. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 98 above.

100. The defendants deny the allegations contained in Paragraph 100.

101. The defendants deny the allegations contained in Paragraph 101.

102. The defendants deny the allegations contained in Paragraph 102. The defendants further deny that the plaintiff is entitled to any of the relief requested in Paragraphs (a) - (c).

## FOURTH DEFENSE

The defendants, Deborah Stone and Phyllis Jewett, are protected under the doctrine of qualified immunity.

## FIFTH DEFENSE

The plaintiffs fail to allege an unconstitutional policy, custom or practice against the defendant, Groton-Dunstable Regional School District, and, therefore, cannot recover. Further, no policy, custom or practice of the Groton-Dunstable Regional School District adopted by the School District caused or contributed to the plaintiffs' alleged civil rights violations.

## SIXTH DEFENSE

The defendants did not deprive the plaintiffs of any rights secured by the Constitution or laws of the United States and, therefore, the plaintiffs cannot recover.

## SEVENTH DEFENSE

The defendant, Groton-Dunstable Regional School District, is not a person subject to liability under M.G.L. c. 12, §§ 11H & 11I.

## EIGHTH DEFENSE

The defendants, Deborah Stone and Phyllis Jewett, are immune from liability for negligence under M.G.L. c. 258, § 2, to the extent they are sued in their individual capacities. Therefore, Counts I, II and IV of the plaintiffs' Complaint are barred as against them.

## NINTH DEFENSE

The plaintiffs' recovery, if any, is limited pursuant to the provisions of M.G.L. c. 258, §2. Therefore, the plaintiffs cannot recover interest or punitive damages from the defendants, nor can any individual plaintiff recover damages in excess of $100,000.

## TENTH DEFENSE

The plaintiffs were guilty of comparative negligence and, therefore, they cannot recover from the defendants; alternatively, their recovery must be diminished in proportion to their own negligence.

## ELEVENTH DEFENSE

The plaintiffs' injuries and damages were caused by someone for whose conduct the defendants cannot be held responsible or liable.

## TWELFTH DEFENSE

The defendant, Deborah Stone's, actions did not rise to the level of misconduct which violates 42 U.S.C. § 1983 and, therefore, Count VI of the plaintiffs' Complaint is barred as against her.

## THIRTEENTH DEFENSE

The defendant, Groton-Dunstable Regional School District, is immune from liability on Counts II, III, IV, VI, VII and VIII of the plaintiffs' Complaint as the plaintiffs have failed to comply with proper presentment as a condition precedent to bringing suit under M.G.L. c. 258, § 4. Specifically, the executive officer of the Groton-Dunstable Regional School District did not receive plaintiffs' presentment letter within two years from the date of the incident.

## FOURTEENTH DEFENSE

The defendants state that the plaintiffs' claims are based upon the performance or failure to perform a discretionary function or duty and, therefore, the defendants are immune from liability under M.G.L. c. 258, § 10(b).

### FIFTEENTH DEFENSE

The plaintiffs' claims are barred under M.G.L. c. 258, § 10(j).

### SIXTEENTH DEFENSE

The defendants did not interfere or attempt to interfere with plaintiffs' civil rights through "threats, intimidation or coercion." Nor do plaintiffs set forth facts in their Complaint sufficient to support such an allegation. Therefore, Count VIII of plaintiffs' Complaint is barred.

### SEVENTEENTH DEFENSE

The defendant, Groton-Dunstable Regional School District, is immune from liability on Counts III, VII and VIII of the plaintiffs' Complaint as it is not liable for alleged intentional torts by its employees under M.G.L. c. 258, § 10(c).

### JURY DEMAND

The defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

The Defendants,
DEBORAH STONE, PHYLLIS JEWETT and
GROTON-DUNSTABLE REGIONAL SCHOOL
DISTRICT,
By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Davis, BBO # 115890
David C. Hunter, BBO #647686
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Date: September 12, 2005

-10-

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 9/12/05.