## PIERCE, DAVIS & PERRITANO, LLP

### COUNSELLORS AT LAW

Joel F. Pierce
John J. Davis *
Judith A. Perritano
John J. Cloherty III *

Of counsel:
Gerald Fabiano
Jeffrey M. Sankey*

TEN WINTHROP SQUARE
BOSTON, MA 02110-1257

TELEPHONE (617) 350-0950
FACSIMILE (617) 350-7760

James M. I         ♦
John Fe
David C. H        ᴦ †
Robert S. Lu      ᴉ †●
Maureen L. P      roy○
Daniel G. ʃ        ♦
Darlene M. T      ᴄi ■

* also admitt       RI
♦ also admitt       PA
† also admitte      NY
● also admitt       CT
■ also admitt       FL
○also admitte       NH

September 21, 2005

Clerk of Court
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re:    Danny Searles, et al. v. Deborah Stone, et al.
       U.S.D.C. Civil Action No. 05-11815MLW
       Middlesex Superior Court C.A. No. 05-1845
       Our File No.:  164-0403265

Dear Sir/Madam:

Enclosed please find attested copies of the records, proceedings and docket entries recc    ·d
by the Middlesex Superior Court in connection with the above-referenced matter prior to the rem    al
of the case to this Court on September 6, 2005.

Thank you for your attention to this matter.

Very truly yours,

PIERCE, DAVIS & PERRITANO, LLP

David C. Hunter

DCH/rcm
Enclosures
cc:    Jeffrey N. Roy, Esq. (w/out enclosures)

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

I, Michael Brennan, Assistant Clerk of the Superior Court of the Commonwealth of Massachusetts  within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. MICV2005-01845 entered the Superior Court on 05/31/2005.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Superior Court, at said Lowell this 9th day of September, in the year of our Lord 2005

Michael M. Brennan, Clerk Magistr.
Lowell Superior Court.

cvdremlett_1.wpd 2784384 removus ginger

MASXP-20050809 Case 1:05-cv-11815-MBB Document 4 Filed 09/23/2005 Page 3 of 30
ginger

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

09/09/2005
01:44 AM

# MICV2005-01845
## Searles (ppa) et al v Stone et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 05/31/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 09/09/2005 | **Session** | L - Cv time-stan 1 (Lowell) | | | |
| **Origin** | 1 | **Case Type** | E03 - Action against Commonwealth/municpl | | | |
| **Lead Case** | | **Track** | A | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 08/29/2005 | **Answer** | 10/28/2005 | | **Rule12/19/20** | 10/28/2005 |
| **Rule 15** | 08/24/2006 | **Discovery** | 07/20/2007 | | **Rule 56** | 09/18/2007 |
| **Final PTC** | 01/16/2008 | **Disposition** | 05/30/2008 | | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Danny Searles (ppa)
Groton, MA
Active 05/31/2005

**Private Counsel 548618**
Jeffrey N Roy
Ravech & Roy
699 Boylston Street
1 Exeter Plaza
Boston, MA 02116
Phone: 617-303-0500
Fax: 617-303-0501
Active 05/31/2005 Notify

**Plaintiff**
Susan Searles
Groton, MA
Active 05/31/2005

*** See Attorney Information Above ***

**Plaintiff**
Glenn Searles
Groton, MA
Active 05/31/2005

*** See Attorney Information Above ***

**Defendant**
Deborah Stone
60B Broad Street
Hollis, NH 03049
Served: 08/22/2005
Served (answr pending) 08/22/2005

**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## MICV2005-01845
## Searles (ppa) et al v Stone et al

**Defendant**
Phyllis Jewett
130 Main Street
Townsend, MA 01469
Served: 08/19/2005
Served (answr pending) 08/19/2005

**Defendant**
  Groton-Dunstable Regional School District
Tarbell School P.O. Box 729
73 Pepperell Road
Groton, MA
Served: 08/22/2005
Served (answr pending) 08/22/2005

**Private Counsel 647686**
David C Hunter
Pierce Davis & Perritano
10 Winthrop Square
5th floor
Boston, MA 02110
Phone: 617-350-0950
Fax: 617-350-7760
Active 09/09/2005 Notify

**Private Counsel 115890**
John J Davis
Pierce Davis & Perritano
10 Winthrop Square
5th Floor
Boston, MA 02110-1264
Phone: 617-350-0950
Fax: 617-350-7760
Active 09/09/2005 Notify

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 05/31/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 05/31/2005 | | Origin 1, Type E03, Track A. |
| 08/19/2005 | 2.0 | SERVICE RETURNED: Phyllis Jewett(Defendant) I & u on 08/16/05 |
| 08/22/2005 | 3.0 | SERVICE RETURNED: Groton-Dunstable Regional School |
| | | District(Defendant) in hd. on 08/17/05 |
| 08/22/2005 | 4.0 | Affidavit of compliance with long-arm statute with proof of service |
| | | on out of state defendant Deborah Stone on 08/17/05 by certified mail |
| | | (return receipt attached thereto) |
| 09/09/2005 | 5.0 | Notice for Removal to the United States District Court filed by |
| | | Groton-Dunstable Regional School District |
| 09/09/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

**MIDDLESEX, ss.**     **Commonwealth of Massachusetts**



SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

in testimony that the foregoing is a true copy and of record made by photographic process I have set my hand and affixed the seal of said Superior Court this 9th day of September, 2005

*Virginia Burchell*
Deputy        Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
C.A. NO. 05-1845

DANNY SEARLES, by his mother )
and next friend Susan Searles, )
SUSAN SEARLES, and )
GLENN SEARLES, )
      Plaintiffs, )
       )
       )
vs. )
       )
DEBORAH STONE, )
PHYLLIS JEWETT, and )
GROTON-DUNSTABLE REGIONAL )
SCHOOL DISTRICT, )
      Defendants. )

| 7552A000005/31/05CIV | | 720.00 |
| 7552A000005/31/05SUR | ARGE | 15.00 |
| 7552A000005/31/05SEC | | 20.00 |
| 7552A000005/31/05SUM | IS | 15.00 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*The Parties*

1. Plaintiff Danny Searles is a natural person residing in Groton, Middlesex County,

Massachusetts. As he is a minor, this action is brought in his behalf by his mother and next

friend Susan Searles.

2. Plaintiff Susan Searles is a natural person residing in Groton, Middlesex County,

Massachusetts.

3. Plaintiff Glen Searles is a natural person residing in Groton, Middlesex County,

Massachusetts.

4. Defendant Deborah Stone is a natural person residing at 60B Broad Street, Hollis,

New Hampshire 03049.

5. Plaintiffs' causes of action against defendant Stone arise from defendant's:

2

a.    transacting business in the Commonwealth of Massachusetts;

b.    contracting to supply services or things in the Commonwealth of Massachusett

c.    causing tortious injury by an act or omission in the Commonwealth of
      Massachusetts;

d.    causing tortious injury in the Commonwealth of Massachusetts by an act or
      omission outside of the Commonwealth of Massachusetts and regularly doing
      soliciting business, and engaging in other persistent courses of conduct, and
      deriving substantial revenue from goods used or consumed or services rendere    ı
      the Commonwealth of Massachusetts; or

e.    having an interest in, using or possessing real property in the Commonwealth (
      Massachusetts.

6. Defendant Groton-Dunstable Regional School District is a regional school district
formed pursuant to Mass. G.L. c. 71 §§ 14-16 (hereinafter referred to as the "District"). The
District has its principal place of business at the Tarbell School, P.O. Box 729, 73 Pepperell
Road, West Groton, Middlesex County, Massachusetts.

7. Defendant Phyllis Jewett is a natural person residing at 130 Main Street, Townsen(
Middlesex County, Massachusetts, 01469.

*Factual Allegations Common to All Counts*

8. On August 21, 2003, Danny Searles, a developmentally-disabled eleven-year old b
failed to show up for school. Instead of dropping Danny off at school, his bus driver, the
Defendant Deborah Stone, left Danny restrained in a sweltering school bus for over six hours

3

9. Danny is a profoundly developmentally-disabled eleven year old boy with limited cognitive abilities. In addition to brain damage, which he was born with, Danny suffers from epilepsy. He is immobile and must be transported in a wheelchair. Danny is incapable of communicating or caring for himself.

10. On August 11, 2003, Danny began attending a school at Children's Extended Care Center in Groton, a facility affiliated with Children's Hospital in Boston.

11. Until the time of the incident, Danny was provided with transportation to and from Children's Extended Care Center by the Groton-Dunstable Regional School District.

12. In particular, every school day, a bus driver employed by the District would arrive Danny's house in the morning. The driver would then load Danny into a District-owned van equipped with a wheelchair ramp, and secure him with seatbelts and/or strapping. After loadi Danny, the driver would deliver Danny to Children's Extended Care Center.

13. The distance from Danny's home to Children's Extended Care Center is approximately three miles.

14. Because the route is generally free from traffic, the travel time from Danny's hom Children's Extended Care Center is ten minutes or less.

15. Following the completion of a school day, the driver would deliver Danny back to s home.

16. Defendant Stone had been employed as a special education bus driver by the Dist since February 2003.

4

17. Beginning on or around August 19, 2003, Danny's normal driver, Holly Mugglestc was on vacation. Defendant Stone was the substitute driver for Danny during the week of the incident.

18. During the week of the 19th and, in particular, on the 21st, Danny was the only ch transported in the van operated by Stone.

19. Prior to August 19, 2003, Stone had never driven Danny's route and had never dri a wheelchair equipped special education van.

20. Stone received no special training or instruction from District officials before taki over Ms. Muggleston's route and van. Instead, Ms. Muggleston informally showed Stone hov operate the wheelchair van and allowed Stone to accompany her on the route in the week befc her vacation.

21. Stone kept the non-wheelchair special education van she normally drove parked her home. Accordingly, during the week of the 19th, she drove that van to the Roach School' parking lot, located off Main Street in Groton, where the wheelchair van was kept. She parkε her usual van in the parking lot and drove the wheelchair van on Ms. Muggleston's route.

22. After delivering Danny (prior to the 21st) to Children's Extended Care Center, sh would return the wheelchair van to the parking lot, retrieve her normal special education van    d then drive back to her home in Hollis, NH, where she would do farm work until it was time t pick up Danny from school.

23. In the afternoon, she would repeat the process of exchanging vans, delivering Dε    ʻ, and exchanging vans again.

5

24. At approximately 9:00 am on the 21st, Stone arrived at the Plaintiffs' home to pick Danny.

25. Stone loaded Danny into the wheelchair van and secured him in the back corner of the driver's side. There are no visual obstructions between the driver's seat and where Danny located.

26. Stone never delivered Danny to his school at Children's Extended Care. Instead, s drove to the Roach School parking lot complex and parked the wheelchair van (leaving Danny inside), picked up her usual van, and drove to the Main Street Café in Groton, where she met supervisor Phyllis Jewett for coffee.

27. Before leaving the wheelchair van in the Roach School lot, Stone did not check th van to ensure she had delivered Danny to his school.

28. After approximately thirty minutes at the Café, Stone drove back to Hollis.

29. Meanwhile, Danny was trapped inside the wheelchair van in the parking lot of the school complex unable to move, free himself, or call out for help.

30. The van was parked in a space behind which is a small tree. The tree, however, provides no shade.

31. The day was hot and humid with temperatures at or above ninety degrees.

32. As Danny remained trapped in the van, unable to help himself, his internal temperature began to rise to dangerously high levels.

33. After approximately six hours, Stone returned to the Roach lot and retrieved the wheelchair van, apparently unaware that she had left Danny in the van all day.

6

34. She proceeded to Children's Extended Care Center, apparently believing she had dropped Danny off in the morning.

35. During the one mile journey from the Roach lot to Children's Extended Care Cent Stone did not see Danny in the rear corner of the van, where she had restrained him earlier in day.

36. Upon arriving at Danny's school at approximately 3:15pm, Stone was confronted Danny's teacher, Cathy Mencer. Ms. Mencer asked why Danny had not come to school that d Stone stated she had dropped him off. When Ms. Mencer insisted that this had not occurred, Stone was confused and said "What have I done?" and drove back toward the Roach school l

37. After a short distance, Stone saw Danny's head lolling just above the seats. She backed up to Children's Extended Care Center and told Ms. Mencer that Danny had been left the van all day.

38. Mencer and other staff at the Center, including the school nurse, took Danny out the van and began to administer first aid and attempted to bring his temperature down.

39. Danny's temperature reached at least 104.4°F, and he had limp arms, a limp neck, pale white skin with pink blotches on his arms, and saliva coming from his mouth. Danny w unresponsive and lethargic. In addition, Danny had bruising on his neck from chafing agains   e wheelchair restraints in the school van.

40. An ambulance came and rushed Danny to Nashoba Valley Hospital.

41. At around the same time, Danny's parents were contacted by staff from Children' Extended Care and informed of the incident.

42. They arrived at the hospital at 3:30pm shortly after Danny arrived by ambulance.

7

43. When she saw Danny and his condition, Mrs. Searles became hysterical and had to be taken to another room.

44. Based upon their visual observations of Danny, and the information they had received, both Mr. and Mrs. Searles expected that their child would die from the severe heat exposure.

45. That expectation coupled with Danny's physical appearance and obvious suffering caused both parents extreme emotional distress and anguish.

46. The staff at Nashoba Valley succeeded in bringing Danny's temperature down.

47. Testing at Nashoba Valley revealed that Danny had elevated levels of creatine kir indicating brain injury.

48. Danny was transported to North Shore Children's Hospital for closer supervision treatment.

49. Danny was hospitalized for several days due to the incident.

50. The Middlesex District Attorney charged Defendant Stone with criminal child endangerment.

51. On February 12, 2004, Stone pleaded guilty and was sentenced to two year's probation and is barred from driving a school bus for life.

52. Prior to the incident, the District had promulgated "SPED Van Driver Training". That training includes familiarizing new drivers with locations of schools in the district and teaching the driver the route with either the current driver or the transportation manager as th instructor.

53. The training policy indicates that "at least three days of live training is required."

8

54. The SPED Van Driver Training also instructs drivers on maintenance of a daily vehicle inspection log and daily cleaning of the vehicle.

55. The district also established "Special Education Transportation Operating Procedures." Those procedures required, among other things, a daily safety check of the vehi prior to operation, completion of a vehicle log, and "at the conclusion of each run (AM & PM check[ing] the vehicle for personal items, cleanliness, and safety hazards."

56. Though the District has established the procedures, high-ranking officials of the District have indicated that policies with regard to checking the school bus after a morning drop-off were not regularly followed.

57. Neither policy by its terms requires the driver to check to make sure all students l   e been dropped off as scheduled and that no students remained on the bus. Neither policy requ   ʒ drivers to speak with local school officials when dropping students off.

58. Pursuant to the Massachusetts Tort Claims Act, Plaintiffs are required to make presentment of their claims to the Defendant District.

59. On November 14, 2003, Plaintiffs made presentment by mailing a letter outlinin   e claims made in this complaint to Jeanne Niemoller, President of the Groton Dunstable Regic   l School Board as well as the other members of the Groton Dunstable Regional School Board copy of the letter was sent to the Superintendent of the School District, Dr. Mary Athey Jenr   ;s, as well as the Selectmen of Groton and Dunstable.

60. The Massachusetts Tort Claims Act requires the presentment letter be sent to th appropriate executive official of the governmental entity. Niemoller and the other members the Groton Dunstable Regional School Board are executive officers of the Defendant Distri

9

61. Pursuant to the terms of Mass. G. L. c. 258, § 4, the Defendant District had six months in which to respond to Plaintiffs' presentment after which time Plaintiffs are allowed t bring suit.

62. Defendant District has not contacted Plaintiffs since receiving the presentment let

63. Plaintiffs have made proper presentment and satisfied all the prerequisites for bringing claims under the Massachusetts Tort Claims Act.

### COUNT 1 - NEGLIGENCE AGAINST DEBORAH STONE

64. The foregoing paragraphs are incorporated into this count by reference.

65. Stone had a duty of delivering Danny safely to school each day.

66. Stone breached that duty by failing to deliver him to his school and by leaving Da trapped in a sweltering school bus for hours.

67. By reason of the foregoing negligent acts or omissions, plaintiff Danny Searles suffered and will continue to suffer great pain of both body and mind. He has undergone and will continue to undergo medical and hospital care and treatment. His ability to enjoy life an engage in his usual activities have all been permanently and adversely affected.

### COUNT 2 - NEGLIGENCE AGAINST THE DISTRICT AND JEWETT

68. The foregoing paragraphs are incorporated into this count by reference.

69. The District and Defendant Jewett had a duty to provide Danny with safe transpo     school each day.

70. The District and Jewett breached their duties by failing to adequately train or supervise Stone.

10

71. In addition, the District's failure to promulgate policies requiring two daily checks the van for remaining pupils and to speak with receiving teachers and/or failing to require adherence to such policies is a breach of its duty to Danny and other pupils.

72. Moreover, the District's policy, allowing school bus drivers to exchange vans befo and after drop-offs, created a foreseeable danger that drivers would forget to drop off disabled children and thus was a breach of the District's duty to Danny and other pupils.

73. By reason of the foregoing negligent acts or omissions, plaintiff Danny Searles suffered and will continue to suffer great pain of both body and mind. He has undergone and will continue to undergo medical and hospital care and treatment. His ability to enjoy life and engage in his usual activities have all been permanently and adversely affected.

### COUNT 3 - RESPONDEAT SUPERIOR AGAINST THE DISTRICT

74. The foregoing paragraphs are incorporated into this count by reference.

75. The District, as the employer of Stone, is vicariously liable for her acts and omissions, occurring during the course and scope of her duties as a driver.

76. Accordingly, the District is vicariously liable for Stone's negligent and intentional acts in leaving Danny in the bus for hours, and for the resulting damages.

### COUNT 4 - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST THE DISTRICT AND DEBORAH STONE

77. The foregoing paragraphs are incorporated into this count by reference.

78. Both Mr. and Mrs. Searles viewed Danny immediately in the hospital following I transport there.

11

79. Upon seeing Danny's poor condition and learning of the incident, both of his parer suffered extreme mental anguish and distress. Both feared their son would die.

80. The emotional distress suffered by each has manifested itself in a variety of ways including hysterical screaming and nightmares.

81. The distress suffered by Mr. and Mrs. Searles was proximately caused by Stone's, Jewett's, and the District's negligence.

## COUNT 5 - FALSE IMPRISONMENT AGAINST DEBORAH STONE

82. The foregoing paragraphs are incorporated into this count by reference.

83. Stone intentionally bound Danny to his wheelchair after loading him into the van August 21, 2003.

84. Danny was prevented from moving or releasing himself.

85. Danny's detention became excessive in scope and duration and thus became unlawful, when he was not delivered to school and instead left in the bus all day.

86. Danny and his parents suffered extreme physical and emotional pain as a proxima result of the unlawful detention.

## COUNT 6 - VIOLATION OF 42 U.S.C. § 1983 BY DEBORAH STONE

87. The foregoing paragraphs are incorporated into this count by reference.

88. Stone, an employee of the District acted under color of state law when she failed deliver Danny to school.

89. Because Danny was her charge and manifestly unable to care for himself, Stone's failure to take precautions against his endangerment constitutes deliberate indifference to his

12

safety in violation of the rights guaranteed him by the Due Process Clause of the Fourteenth
Amendment of the United States Constitution.

90. In addition, Stone's actions in strapping Danny into his place in the van constitute
seizure within the meaning of the Fourth Amendment to the United States Constitution.

91. That seizure was unreasonable both in its duration and the conditions endured by
Danny.

92. Stone thus violated Danny's Fourth Amendment rights.

93. Stone, acting under color of state law, is liable under 42 U.S.C. §1983 for violatin
Danny's Fourteenth and Fourth Amendment rights.

**COUNT 7 - MUNICIPAL AND SUPERVISORY LIABILITY UNDER 42 U.S.C. § 19**

94. The foregoing paragraphs are incorporated into this count by reference.

95. At the time of the incident, the law was clearly established, and the District and
Jewett knew or should have known, that leaving a pupil in a sweltering bus for hours violated
pupil's Due Process and Fourth Amendment rights.

96. The District and Jewett acted with deliberate indifference to the rights of their pu
by failing to train Stone more effectively on her new route, by failing to promulgate policies
procedures for replacement drivers, by failing to promulgate policies regarding checking the
for pupils left on the vans, by failing to promulgate policies and requiring drivers to speak wi
teachers receiving disabled children, by failing to prohibit special education drivers from
exchanging vans before and after driving their routes, and by failing to require adherence to
existing policies.

13

97. It would be manifest to any reasonable official that failing to require such training and failing to have such policies and protections in place would very likely result in a profoun disabled student like Danny being left on a bus.

98. The District's and Jewett's omissions are affirmatively linked to Plaintiffs' injuries The District promulgated a policy requiring two daily checks of a school bus, but by the acknowledgement of senior District officials, it did not observe such a policy. That laxity, reinforced in the informal and inadequate training given to drivers entrusted with the most vulnerable children, is a tacit approval and purposeful disregard of the possibility that disable pupils will be trapped in buses.

## COUNT 8 - VIOLATION OF MASS. G.L. C. 12 §§ 11H, 11I
## BY STONE AND THE DISTRICT

99. The foregoing paragraphs are incorporated into this count by reference.

100. As alleged, Stone violated Danny's civil rights by seizing him and leaving him ii the school bus all day long.

101. The District's and Jewett's failure to train Stone and have effective policies in pl also caused Plaintiffs' injuries.

102. These actions and omissions by Stone, the District, and Jewett constitute violati of the Massachusetts Civil Rights Act.


WHEREFORE, Plaintiffs respectfully request that the Court:

a.      Award Plaintiffs damages incurred as a result of the wrongful actions and cor    :t
        of Defendants;

14

b.    Award attorneys fees pursuant to 42 U.S.C. § 1988 and Mass. G.L. c. 12, § 11I

c.    Award such other and further relief as the Court deems just and proper.

## JURY CLAIM

PLAINTIFFS CLAIM TRIAL BE JURY ON ALL COUNTS.



Plaintiff,
By her attorneys,


Jeffrey R. Roy
RAVECH & ROY, P.C.
One Exeter Plaza
Boston, MA  02116
(617) 303-0500
BBO #548618


DATED:  May 31, 2005

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX , ss
[seal]

No. 05-1 45 L

...DANNY SEARLES, et als. , Plaintiff(s)

v.

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

AUG 1 9 2005

CLERK

DEBORAH STONE, etc. etc.
PHYLLIS JEWETT, and , Defendant(s)
GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT

## SUMMONS

To the above-named Defendant:    PHYLLIS JEWITT

You are hereby summoned and required to serve upon ...Jeffrey N. Roy....    ....

................................................. plaintiff's attorney, whose address is .Ravech.&.Roy,.P.C    .....

One Exeter Plaza, Boston, MA  02116
..............................................................................., an answer to the complaint which is    with

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service    you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You    also

required to file your answer to the complaint in the office of the Clerk of this court at .Lowell.............    .....

................................................................ either before service upon plaintiff's attorney or    in a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which    may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the p    iff's

claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse
Witness, Suzanne V. DelVecchio, Esquire, at ..Lowell.............................................................    .....

the ...15th............................................. day of ...August.....................................................    .....

....................., in the year of our Lord .....2005................................. .

Edward J Sullivan

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate s    ons is used
   for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR ( RT
DEPARTM :
OF TH!
TRIAL CO :
CIVIL ACT (
No.

MIDDLESEX , ss
[seal]

3

05-: )45

**FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX**

AUG 2 2 2005

Edward J Sullivan
CLERK

DANNY SEARLES, et als. , Plaintiff(s)

v.

DEBORAH STONE, et als. , Defendant(s)
PHYLLIS JEWETT and
GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT

## SUMMONS

To the above-named Defendant: GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT

You are hereby summoned and required to serve upon .... Jeffrey N. Roy ..........

.................................................. plaintiff's attorney, whose address is Ravech & Roy, P.C
One Exeter Plaza, Boston, MA 02116
............................................................, an answer to the complaint which is l with

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You also

required to file your answer to the complaint in the office of the Clerk of this court at ... Lowell ...........

.......................................................... either before service upon plaintiff's attorney or in a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which : may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the p iff's

claim or you will thereafter be barred from making such claim in any other action.
**Barbara J. Rouse**
Witness, ~~Suzanne V. DelVecchio~~, Esquire, at ..... Lowell ...................................................

the ... 31st ............................................. day of ... August ........................................

....................., in the year of our Lord 2005 ................................. .

Edward J Sullivan

lerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate : ions is used
for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001



## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
C.A. NO. 05-1845-L

DANNY SEARLES, by his mother )
and next friend Susan Searles, )
SUSAN SEARLES, and )
GLENN SEARLES, )
      Plaintiffs, )
)
vs. )
)
DEBORAH STONE, )
PHYLLIS JEWETT, and )
GROTON-DUNSTABLE REGIONAL )
SCHOOL DISTRICT, )
      Defendants. )

**FILED**
IN THE OFFICE OF THI
CLERK OF THE COUR
FOR THE COUNTY OF MIDDL

**AUG 2 2 2005**

### AFFIDAVIT OF COMPLIANCE

I, Jeffrey N. Roy, being duly sworn, hereby certify that on August 15, 2005, I served a copy of the Complaint, with Summons, Civil Action Cover Sheet, and Tracking Order in the above-captioned matter upon the Defendant, Deborah J. Stone, by mailing same, via certified mail, return receipt requested to the following address:

> Deborah J. Stone
> 146 Concord Street
> Nashua, NH 03064-1720

On or about August 19, 2005, I received a return receipt under date of August 17, 200 signed by Deborah Stone.

Attached, hereto are a copy of my cover letter, the original summons and the original return receipt.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 19th DAY C August, 2005.

Jeffrey N. Roy

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTM    T
OF TH
MIDDLESEX ............... , ss                                    TRIAL CC    T
[seal]                                                           CIVIL AC    N
No. 05–1    45 L

DANNY SEARLES, et als. , Plaintiff(s)

v.

DEBORAH STONE, xxxxxxxx , Defendant(s)
PHYLLIS JEWETT, and
GROTON-DUNSTABLE REGIONAL SCHOOL DISTRICT

## SUMMONS

To the above-named Defendant:    DEBORAH STONE

You are hereby summoned and required to serve upon ..Jeffrey.N..Roy........................ ......

............................................... plaintiff's attorney, whose address is Ravech & Roy,...... ......

One Exeter Plaza, Boston, MA  02116 ........................, an answer to the complaint which is    ewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of servi    f you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Yo    ₂ also

required to file your answer to the complaint in the office of the Clerk of this court at ..Lowell.......... ......

.................................................................. either before service upon plaintiff's attorney o    thin a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim whic    ₁ may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the    ntiff's

claim or you will thereafter be barred from making such claim in any other action.
Barbara J. Rouse
Witness, Suzanne V. DelVecchio, Esquire, at .....Lowell......................................................... ......

the ..15th.............................................. day of ......August......................................... ......

...................., in the year of our Lord ....2005............................. .

Edward J. Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separat    nmons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# RAVECH & ROY, P.C.

ATTORNEYS AT LAW
ONE EXETER PLAZA
699 BOYLSTON STREET
BOSTON, MASSACHUSETTS 02116

(617) 303-0500

FACSIMILE (617) 303-0501

August 15, 2005

## CERTIFIED MAIL NO.: 7004 2890 0000 0433 3993
## RETURN RECEIPT REQUESTED

Deborah J. Stone
146 Concord Street
Nashua, NH 03064-1720

Re:   Danny Searles et als.
Vs:   Deborah Stone, et als.
      Civil Action No.: MICV2005-1845 L

Dear Ms. Stone:

Enclosed is a copy of a Summons along with a Complaint which was filed in the Middlesex Superior Court on May 31, 2005.

You have been served this Complaint, Summons, Civil Action Cover Sheet, and Trackin Order pursuant to the Massachusetts Long-Arm Statute, M.G.L., Chapter 223A, Section 6. The Statute reads, inter alia:

a.   When the law of the Commonwealth authorizes service outside this Commonwealth, the service, when reasonably calculated to give actual notice, may be made:

b.   By any form of mail addressed to the person to be served and requiring a signed receipt.

# RAVECH & ROY, P.C.

ATTORNEYS AT LAW
ONE EXETER PLAZA
699 BOYLSTON STREET
BOSTON, MASSACHUSETTS 02116

(617) 303-0500

FACSIMILE (617) 303-0501

August 15, 2005

## CERTIFIED MAIL NO.: 7004 2890 0000 0433 3993
## RETURN RECEIPT REQUESTED

Deborah J. Stone
146 Concord Street
Nashua, NH 03064-1720

Re:     Danny Searles et als.
Vs:     Deborah Stone, et als.
        Civil Action No.: MICV2005-1845 L

Dear Ms. Stone:

Enclosed is a copy of a Summons along with a Complaint which was filed in the Middlesex Superior Court on May 31, 2005.

You have been served this Complaint, Summons, Civil Action Cover Sheet, and Tracking Order pursuant to the Massachusetts Long-Arm Statute, M.G.L., Chapter 223A, Section 6. The Statute reads, inter alia:

a.      When the law of the Commonwealth authorizes service outside this Commonwealth, the service, when reasonably calculated to give actual notice, may be made:

b.      By any form of mail addressed to the person to be served and requiring a signed receipt.

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 1.06 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.11 |

Postmark
Here

Sent To  Deborah J. Stone
Street, Apt. No.; or PO Box No.  146 Concord St.
City, State, ZIP+4  Nashua, NH 03064-1720

PS Form 3800. June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   DEBORAH  J.  STONE
   146  CONCORD  STREET
   NASHUA,  NH
          03064-1720

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Deborah Stone        ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 8/17/05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

NASHUA NH
AUG 17 2005

3. Service Type
   ☒ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7004 2890 0000 4433 3993

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS



DANNY SEARLES, by his mother,
and next friend Susan Searles,
SUSAN SEARLES, and
GLEN SEARLES,
      Plaintiff,

v.

DEBORAH STONE,
PHYLLIS JEWETT, and
GROTON-DUNSTABLE REGIONAL
SCHOOL DISTRICT
      Defendant

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1441(a)

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

Petitioner, Groton-Dunstable Regional School District ("Defendant"), respectfully petition

this Court for removal of the above-entitled action to the United States District Court for the Distric

of Massachusetts, Civil Section, from the Superior Court of the Commonwealth of Massachuseti

in and for Middlesex County, and for its Notice of Removal state as follows:

1.     The defendant, Groton-Dunstable Regional School District is one of three name



defendants by the plaintiffs, Danny Searles, Susan Searles and Glenn Searle

("plaintiffs"), in a civil action filed in the Superior Court of the Commonwealth c

Massachusetts in and for Middlesex County, entitled Danny Searles, by his mothe

and next friend Susan Searles et al. v. Deborah Stone et al., Civil Action No. 05

1845. On August 17, 2005, the defendant, Groton-Dunstable Regional Schoc

District, was served in-hand with a Summons and a copy of plaintiff's Complain

The defendant, Groton-Dunstable Regional School District has not yet answered th original Complaint, nor has an appearance been filed on Defendant's behalf.

2.    This is a suit of a wholly civil nature brought in a Massachusetts state court. Th action is pending in Middlesex County, Massachusetts, and, accordingly, under 2 U.S.C. §§101 & 1441(a), the United States District Court for the District c Massachusetts is the proper forum for removal.

3.    This is an action in which the plaintiffs allege, among other things, that th defendants, violated plaintiffs' due process and Fourth Amendment rights anc accordingly, should be held liable under 42 U.S.C. § 1983.

4.    Because this case involves federal constitutional issues and claims for relief unde federal law, the District Court has original jurisdiction pursuant to 28 U.S.C. §1331.

5.    The defendant is filing this Notice within thirty days of service of the Summons and original Complaint upon the defendant, Groton-Dunstable Regional School District, within thirty days of the date this case became removable, and within the time for filing this petition. See 28 U.S.C. §1446. See Copy of Complaint and Summons attached hereto as Exhibit A.

6.    All defendants in this action have consented to removal.

7.    The defendant will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Middlesex.

-2-

8.    Pursuant to Local Rule 81.1(a), the petitioner shall request of the Clerk of the

Superior Court of Massachusetts, County of Middlesex, certified or attested

copies of all records and proceedings in the state court and certified or attested

copies of all docket entries therein, and shall file the same with this Court within

thirty days after the filing of this Notice of Removal.

WHEREFORE, petitioner, Groton-Dunstable Regional School District, prays that the

above action now pending in the Superior Court of the Commonwealth of Massachusetts in and

for Middlesex County be removed from that Court to this United States District Court.

Respectfully submitted,

The Defendant,
Groton-Dunstable Regional School District,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

David C. Hunter, BBO #647686
John J. Davis, BBO # 115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Date:    September 6, 2005

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the
above document was served upon each attorney of
record, or pro se litigant, by mail/by hand.

Date

-3-

## Commonwealth of Massachusetts
### County of Middlesex
### The Superior Court

CIVIL DOCKET# **MICV2005-018  -L**

RE:   **Searles (ppa) et al v Stone et al**

TO:Jeffrey N Roy, Esquire
    Ravech & Roy
    699 Boylston Street
    1 Exeter Plaza
    Boston, MA 02116

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described bo   N
must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE | |
|---|---|---|
| Service of process made and return filed with the Court | 08/29, | 05 |
| Response to the complaint filed (also see MRCP 12) | 10/28, | 05 |
| All motions under MRCP 12, 19, and 20 filed | 10/28, | 05 |
| All motions under MRCP 15 filed | 08/24, | 06 |
| All discovery requests and depositions completed | 07/20, | 07 |
| All motions under MRCP 56 served and heard | 09/18, | 07 |
| Final pre-trial conference held and firm trial date set | 01/16, | 08 |
| Case disposed | 05/30, | 08 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadli
for filing return of service.**

This case is assigned to session **L** sitting **in Cv CrtRm (Lowell), Middlesex Superior C   rt.**

Dated: 06/01/2005                                              Edward J. Su   an
                                                              Clerk of the C   rts
                                                          BY: Michael Bro   an
Location: Cv CrtRm (Lowell)                                       Assistant   ərk
Telephone: 978-453-0201

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-1815 | Trial Court of Massachuse Superior Court Departme County: MIDDLESEX |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| DANNY SEARLES, et als. | DEBORAH STONE, et als. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jeffrey N. Roy, Ravech & Roy, P.C. One Exeter Plaza, Boston, MA 02116 Board of Bar Overseers number: 548618 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X) to be determined

[ ] 4. F04 District Court Appeal c.231, s. 97 & trial) (X)    (After
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)        TRACK        IS THIS A JURY CASE?

E03        Action against municipality ( A )        ( X ) Yes        ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to d  rmine money damages. For this form, disregard double or treble damage claims; indicate single dama  s only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . .    '7.00
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . $ . . .    0.00
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . $ . . .    .00
        Subtotal $ . . .    :77.50
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . $ . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . $ . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . $ . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . $ . .
F. Other documented items of damages (describe)
        $ . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
On August 21, 2003, plaintiff, a profoundly disabled 11 year old boy was left in a
sweltering bus for eight hours, during which time he suffered hypothermia and
elevated levels of creatine kinase indicating brain injury.
        $ . .
        TOTAL $ . 5    .50

*[Stamp: FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX MAY 3 1 2005 Edward J. Sullivan CLERK]*

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

        TOTAL $. .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SU  RIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Unif  Rules or Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-conn  ed disput resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____        DATE:    31/200

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000